HARDING v. JENKINS et al. (four cases).

(Supreme Court, Appellate Term. March 24, 1899.)

1. TRIAL—DIRECTION OF VERDICT.
    Where the defense set forth in the answer is not supported in its ma-
    terial parts by evidence, it is proper to direct a verdict for plaintiff.
2. NOTES—LIABILITY—SECURITY.
    The maker of a note is not relieved from liability on the note, to an in-
    dorsee, by the making of a mortgage in trust for his creditors, where not
    accepted by the indorsee as security for the indebtedness.
3. SAME—EVIDENCE.
    A complaint, to recover on notes, alleging that they were given for
    value, where denied in the answer, and where plaintiff relies on the pre-
    sumption accompanying the production of the notes on the trial, warrants
    evidence as to the real consideration of the notes.
4. APPEAL—REVIEW.
    Error in sustaining an objection to a question is cured by the witness
    afterwards testifying in regard thereto.

Appeals from city court of New York, general term.

Actions by Edward Harding against Thomas J. Jenkins and another.
From a judgment of the general term affirming judgments for plaintiff
(54 N. Y. Supp. 1090, 1103), defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Thompson & Maloney, for appellants.
Roger Foster, for respondent.

### In Action No. 1.

MacLEAN, J. In an action in the city court upon a promissory note, brought by one to whom the indorsee had indorsed and delivered it after maturity, the note was produced by the plaintiff; and, after evidence given on behalf of each side, the justice at trial term directed a verdict for the plaintiff. From an affirmance by the general term of the judgment thereon comes this appeal. According to the testimony of one of them,—the one who verified their answer, wherein all allegations of fact were positive, and not upon information and belief,—the defendants made and delivered a mortgage of certain property in trust to pay their indebtedness to certain creditors, all of whom were thereafter paid in full. Prior to the making of the trust mortgage, one Kerby held notes of the defendants for their indebtedness to him; and to him were given from time to time notes in renewal,—"given as accommodation paper to use while he had security given to help carry that amount of indebtedness, so that he could handle it better." The note upon which this action was brought was a renewal of a renewal of one or more notes given to Kerby by defendants for their indebtedness for stoves and furnaces, and which original notes, as well as the renewals and this note, had been transferred by Kerby to Sheppard & Co., the manufacturer of the stoves and furnaces. It was alleged in the answer that Kerby was the agent and representative of Sheppard & Co., and took the notes as such agent and representative; that the indebtedness to Kerby was the indebtedness to Sheppard & Co.; that the trust mortgage was given to secure the claim of all the creditors of the defendant, including the claim of Kerby and Sheppard & Co., and that the trust mortgage and security were accepted by Sheppard & Co. and Kerby as security for said indebtedness, and that Sheppard & Co. knew of the satisfaction of the mortgage; and that the note sued upon herein was paid by the defendants. Of none of these allegations in the answer was any evidence given, although the defendant who (as mentioned above) verified the answer was examined and cross-examined, and even allowed, contrary to objection, to be recalled and re-examined in chief. He testified that he had spoken to Sheppard about the mortgage, but not that it was exhibited, or that its contents were made known to Sheppard; that he had spoken to Sheppard of notes, but they were the notes of others, and apparently the notes of the wives of the defendants. The names of the persons for whom the trust mortgage was made were stated in it, but in it there was no mention of Sheppard & Co. There was no testimony to show that Sheppard & Co. took this note, or any note, with knowledge of its misuse, if any misuse there were of it, by Kerby; and the only evidence respecting the alleged agency of Kerby was given by Mr. Sheppard, who said that he sold stoves in the city of New York to Mr. Kerby, who was transacting business there on his own account. The

judgment of the general term of the city court should be affirmed, with costs to the respondent.

Judgment affirmed, with costs to the respondent. . All concur in result.

### In Actions Nos. 2, 3, and 4.

MacLEAN, J.    Save in respects to be mentioned later, the evidence in action No. 2 was the same as that in No. 1.    The pleadings, excepting differences in amounts and dates, were identical with those in action No. 1.    Herein, as in action No. 1, the allegations of the answers were positive, and not upon information and belief; and each answer was verified by the same defendant, who was likewise the principal witness for the defense.    He testified in these cases:

"I had a conversation with Mr. Sheppard, of Philadelphia, just about the time that I deeded that property. * * * I made a statement in regard to the house * * * that I was about to deed to Kerby; * * * and at that time he said he thought it was the best way to settle up the matter, and get them all straightened out. * * * I had no further conversation with him about it, * * * except that we were to deed the Tenth street house to Mr. Kerby, and that it was to pay everything in full. And he knew I was going to have my name of T. J. Jenkins back again, under which I am doing business now. In full payment of all my debts in full; of all the debts specified in the trust mortgage; the whole $40,703. That finished and satisfied the whole matter, which amounted to $40,703, and I notified Mr. Sheppard of that fact. · We had a talk there, and he said he thought it was the best thing to do, under the circumstances."

And later, upon cross-examination, he testified:

"I said that I expected I would receive a release, also, from Mr. Sheppard's notes, at the time I met him in Philadelphia, or which Mr. Kerby held, which was the same thing. I understood Mr. Sheppard to tell me that Isaac A. Sheppard & Co. would release the indebtedness we owed them. He said they would sign a release. They did not have to sign a release."

And then, after little parrying, was put to him the question:

"Q. Then they did not agree to sign off, did they? A. No, sir."

On the trial of action No. 2, the defendants called Mr. Kerby as a witness.    He testified that the notes received by him for the indebtedness of Jenkins Bros. to himself were turned over to Isaac A. Sheppard & Co., his creditors, that he had never received a .payment of the entire amount of the notes, that Mr. Jenkins had not carried out his agreement, and that, at the time of all the transactions respecting the notes, he (Kerby) had been in business for himself.    With this testimony, the direction of a verdict in favor of the plaintiff rested upon even stronger grounds than did that in action No. 1.

The several objections made and exceptions taken upon the introduction or exclusion of testimony (both those of the plaintiff and of defendants) are printed in the case.    Of the defendants' exceptions, consideration is deserved by but two:    One question asked of Mr. Thomas Jenkins, and excluded as irrelevant upon the objection of the plaintiff, "Q. Will you state the circumstances under which that note was given to Mr. Kerby, the payee?" and another to the same witness, "Q. What were those notes given to Mr. Kerby for?"    As the defendants had denied the allegations of the plaintiff that the note in question had been given for value, and the plaintiff had relied upon

the presumptions accompanying the production of the notes upon the trial, the defendants were entitled to show the real consideration of the note or notes; and the exclusion of the questions would have been error, had it not been cured afterwards by the statements of the same witness himself, and of their witness Mr. Kerby, that the original notes were given for merchandise sold by Kerby, and that the notes now sued upon were renewals of such original notes. There was nothing to be submitted to the jury, and the direction of the justice at trial term was correct. The judgment of the general term of the city court, affirming the judgment entered upon that direction, should be affirmed here, with costs to the respondent.

Judgment affirmed, with costs to the respondent. All concur in result.